IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MANDELL RHODES JR. §

v. § CIVIL ACTION NO. 6:11cv236

DIRECTOR, TDCJ-CID §

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Mandell Rhodes, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the propriety of the time credited to his sentence. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rhodes was convicted of aggravated rape in 1980, and was released on parole on August 9, 2004. On August 14, 2006, he was returned to prison on a technical violation of parole (i.e. one not involving the commission of a new offense). All of his previously earned good time and street time spent on parole was forfeited upon his return to prison.

Rhodes contended that his release on parole was in error because he had been convicted of aggravated rape and thus could only be released by an "extraordinary full board vote," rather than the vote of a panel. He stated that for inmates convicted of aggravated rape, two-thirds of the full board, or five of the seven board members, had to vote in favor of release, but his case was heard by a three-member panel, two of whom voted for release.

Rhodes argued that under Texas law, when an inmate is released in error through no fault of his own, he is entitled to be credited with all earned good time and street time forfeited upon his

return to TDCJ from the erroneous release. He said that he lost 16 years of earned good time, four of which would have been credited had he not been released in error, as well as two years of street time. He has sought state habeas corpus relief to no avail.

The Magistrate Judge ordered the Respondent to answer the petition. The respondent argued that the statute of limitations had expired on Rhodes' claims and that these claims lack merit. Rhodes has filed a response to the answer.

After review of the pleadings and records, the Magistrate Judge issued a Report on October 27, 2011, recommending that the petition be dismissed. The Magistrate Judge stated that at the time of Rhodes' release on parole, in August of 2004, the Board was reviewing inmates convicted of aggravated sexual assault under the full board review procedure, but not inmates convicted of aggravated rape, which was a predecessor offense. This policy did not change until September of 2004, one month after Rhodes' release. Thus, Rhodes was not "released in error," but was released pursuant to the policy of the Texas Board of Pardons and Paroles which was in effect at the time of his release.

Although Rhodes argued that board policy could not supersede state law, the Magistrate Judge concluded that this claim was in effect that a state agency had misinterpreted state law by failing to apply Tex. Gov. Code art. 508.046, the law requiring full board review, to predecessor offenses. The Magistrate Judge observed that violations of state law do not themselves give rise to federal constitutional claims, noting that Rhodes' petition was denied by the Texas Court of Criminal Appeals, the highest state court with jurisdiction over the matter. Thus, the Magistrate Judge determined that Rhodes' release had not been in error.

Even were this release in error, the Magistrate Judge further stated that Rhodes had not shown himself entitled to relief. The early release statutes in effect on the date of revocation determine the eligibility for time served on early release. Ex Parte Hernandez, 275 S.W.3d 895, 897 (Tex.Crim.App. 2009). The law in effect at the time of Rhodes' revocation provided that if a person serving a sentence for aggravated rape or aggravated sexual assault has his parole revoked, he is

required to serve the remaining portion of his sentence, computed without credit from the date of release to the date of revocation. In addition, the law at the time of Rhodes' conviction as well as the time of his revocation provided that he could not have his lost good time restored after his parole is revoked. Hence, the Magistrate Judge determined that Rhodes' claims lacked merit.

Rhodes filed objections to the Magistrate Judge's Report on November 16, 2011. In his objections, Rhodes says first that his claims do not only concern state law, but that his loss of good time affects his possible release on mandatory supervision, in which he has a federally protected liberty interest. The Magistrate Judge did not say that all of Rhodes' claims concerned state law, but applied this analysis only to Rhodes' claim that the Texas Board of Pardons and Paroles had misinterpreted state law by failing to apply Tex. Gov. Code art. 508.046 to predecessor offenses prior to September of 2004. This claim plainly relates only to state law and thus does not set out a basis for federal habeas corpus review.

Rhodes goes on to argue again that his release was in error because two-thirds of the full board did not approve the release. He notes that he was reviewed by a panel in 2004 and then by the full board in 2007 and 2010, and says that the statute does not vest the Board with the power to decide whether to use a panel or the full board. As the Magistrate Judge explained, the review procedures in each of these parole reviews comported with the policy of the Board at that time. Rhodes' objection on this point is without merit.

Rhodes goes on to challenge the Magistrate Judge's conclusion that he is not entitled to restoration of his good time or street time even were his release erroneous. He says that the statutes in effect at the time of his conviction and the time of his revocation give the Director the power to forfeit good time upon the revocation of parole, mandatory supervision, or a conditional pardon. He argues, for the first time in his objections, that his release in August of 2004 was not a release to mandatory supervision, a conditional pardon, or a release on parole.

In support of this claim, Rhodes says that a releasee can only be paroled upon the acceptance and signing of a valid parole contract. In this case, he says that the Board had no authority to

contract with him for a parole because two-thirds of the full board did not approve of the action. The contract made with him was therefore void, and he could not ratify it by accepting performance. Rhodes argues that because the parole contract was void, he was not returned to prison from a "parole" and no lawfully imposed conditions of parole were violated by him. Thus, he says, the Director had no lawful authority to forfeit his street time and good time, and so this forfeiture was done without due process.

This argument is raised for the first time in Rhodes' objections to the Magistrate Judge's Report. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Even were this contention properly before the Court, it is plainly without merit. Rhodes' argument is simply a restatement of his claim that he was released in error because the release was done by a panel rather than the full board, a contention which the Magistrate Judge correctly determined was lacking in merit. The Board's policy which existed at the time of Rhodes' release provided the authority to enter into the parole contract with Rhodes, and his claim that the parole contract was "invalid" is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the answer of the Respondent, Rhodes' response thereto, the state records, the Report of the Magistrate Judge, and Rhodes' objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 15) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Mandell Rhodes Jr. is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 12th day of December, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE